UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEPHANIE B. SCRUGGS, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:12CV2080 JCH |
| ) | |
| GREYHOUND LINES, INC., et al., ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants Greyhound Lines, Inc. ("Greyhound"), Joseph Kaylor, and Barbara Boyd's Motion to Dismiss, filed November 8, 2012. (ECF No. 7). The motion is fully briefed and ready for disposition.

**BACKGROUND**

On July 12, 2012, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). (ECF No. 6, P. 19).[1] The Charge named Greyhound as respondent, and alleged discrimination on the basis of race. (*Id.*). It stated in its entirety as follows:

> I. I was employed by the above named company as a bus driver beginning on or about 4/17/10. I was taken out of service on or about 3/7/11. On or about 5/9/11, I was informed that I had been terminated. The actions were based on customer complaints. I believe I was terminated due to my race, black. The employer took the word of some customers rather than my word as an employee. I am aware of other black drivers who have been suspended and/or terminated based on customer complaints. I am not aware of any white drivers about whom customers have complained.

---

[1] While the Charge presumably was dually filed with the Missouri Commission on Human Rights ("MCHR"), Plaintiff attaches to her Complaint a Notice of Right to Sue only from the EEOC. (ECF No. 6, P. 18). The Court thus treats Plaintiff's claims against Greyhound, Kaylor and Boyd as arising solely under Title VII.

> II. On or about 3/7/11, I was informed by Barbary [sic] Boyd (black), my immediate supervisor, and Joseph Kaylor (white), City Manager, that I was being taken out of service because I acted unprofessional. On about 5/9/11, Ralph Kindell, the union rep, informed me that I had been terminated.
>
> III. I believe I was taken out of service and terminated due to my race in violation of Title VII of the Civil Rights Act of 1964, as amended.

(*Id.*). The EEOC issued Plaintiff a Dismissal and Notice of Rights on July 12, 2012, permitting Plaintiff to bring a Title VII claim in state or federal court against Greyhound. (*Id.*, P. 18).

On July 27, 2012, Plaintiff filed a second Charge of Discrimination with the EEOC, which was dually filed with the MCHR. (ECF No. 6, P. 21). The Charge named Amalgamated Transit Union ("ATU") as respondent, and stated in its entirety as follows:

> On March 17, 2011, I filed a grievance against my employer with the above referenced union due to my termination. My union steward represented me during three grievance steps, but I was unable to get my former job back.
>
> In or around November 2011, I was informed by a union representative that my grievance was going to be referred to arbitration. On or around July 9, 2012, almost a year and half after filing my initial grievance, Bruce Hamilton, President, informed me via a telephone conversation that my grievance was not going to proceed to arbitration. On July 11, 2012, I received a letter from Bruce Hamilton, President, reiterating our telephone conversation.
>
> For the above stated reasons, I believe that the union failed to adequately represent me.

(*Id.*). The EEOC issued Plaintiff a Notice of Right to Sue on July 27, 2012, permitting Plaintiff to bring a Title VII claim in state or federal court against ATU. (*Id.*, P. 20). The MCHR issued its Notice of Right to Sue on this latter Charge on September 10, 2012. (*Id.*, P. 23).

On October 11, 2012, Plaintiff filed a Wrongful Termination Petition ("Complaint") against Defendants Greyhound, Kaylor, Boyd, ATU and Bruce Hamilton in the Twenty-Second Judicial Circuit Court of St. Louis City, Missouri. (ECF No. 6). Defendants Greyhound, Kaylor and Boyd

removed the matter to this Court on November 7, 2012, on the bases of both diversity and federal question jurisdiction. (ECF No. 1).[2]

## STANDARD FOR MOTION TO DISMISS

In ruling on a motion dismiss, the Court must view the allegations in the complaint in the light most favorable to Plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). The Court, "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). The Complaint's factual allegations must be sufficient "to raise a right to relief above the speculative level," however, and the motion to dismiss must be granted if the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Furthermore, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555 (pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do)).

## DISCUSSION

### I. Individual Defendants Kaylor And Boyd

Upon consideration, the Court finds that Plaintiff's Title VII claims against Defendants Kaylor and Boyd fail to state a claim on which relief can be granted, as "[i]t is well settled in the Eighth Circuit that individuals are not subject to individual liability under Title VII…" *Ebersole v.*

---

[2] To date, Defendants ATU and Bruce Hamilton have not yet been served with the Complaint.

*Novo Nordisk, Inc.*, 2011 WL 6115655, at *1 (E.D. Mo. Dec. 8, 2011) (citations omitted).  *See also Roark v. City of Hazen, Ark.*, 189 F.3d 758, 761 (8th Cir. 1999) ("[A] supervisor may not be held liable under Title VII."); *Herrero v. St. Louis Univ. Hosp.*, 929 F.Supp. 1260, 1266 (E.D. Mo. 1996), *aff'd*, 109 F.3d 481 (8th Cir. 1997) ("[T]he Court notes that supervisors … are not individually liable under Title VII … as they are not the employer to whom those statutes are directed."); *Lenhardt v. Basic Inst. Of Tech., Inc.*, 55 F.3d 377, 381 (8th Cir. 1995) ("[S]upervisors and other employees cannot be held liable under Title VII in their individual capacities.").  Kaylor and Boyd are both Greyhound supervisors, and are being sued in their individual capacities.[3]  Thus, because Plaintiff can plead no set of facts that would expose Kaylor and Boyd to individual liability under Title VII, those claims must be dismissed.

## II.     Defendants Greyhound, ATU And Hamilton

In addition to the case pending in this Court, Plaintiff has two other cases pending in the Eastern District of Missouri.  On August 8, 2012, Plaintiff filed an Employment Discrimination Complaint against ATU and Bruce Hamilton, alleging a Title VII violation.  *Scruggs v. Amalgamated Transit Union Local 1700, et. al.*, No. 4:12-CV-01442-ERW, ECF No. 1 (E.D. Mo. Aug. 8, 2012).  That same day, Plaintiff filed an Employment Discrimination Complaint against Greyhound, Kaylor and Boyd, also alleging a Title VII violation.  *Scruggs v. Greyhound Lines, Inc., et al.*, No. 4:12-CV-01443-SNLJ, ECF No. 1 (E.D. Mo. Aug. 8, 2012).  Plaintiff filed an Amended Employment Discrimination Complaint in this latter suit on October 29, 2012, naming only Greyhound as a Defendant.  *See Id.*, ECF No. 7.

---

[3] There is no indication in Plaintiff's Complaint that she intended to sue Kaylor and Boyd in their official capacities.

Plaintiff's earlier Complaints allege facts and circumstances identical to those alleged here. Specifically, all three Complaints relate to negative employment actions taken against Plaintiff following an incident where passengers accused Plaintiff of locking them aboard a heated Greyhound bus. Plaintiff alleges Greyhound engaged in race discrimination when it took the word of the passengers over hers. Plaintiff further alleges ATU and Hamilton failed adequately to represent her in her grievance against Greyhound following the termination. The three Complaints contain the same evidence, the same right to sue letters from the EEOC and MHRC, and substantially the same statement from Plaintiff.

Upon consideration, the Court finds the claims against Defendants Greyhound, ATU, and Hamilton are duplicative, and therefore must be dismissed. *See, e.g.*, *Coffman v. Blake*, 2006 WL 2338243 (E.D. Mo. Aug. 10, 2006); *Kforce, Inc. v. Surrex Solutions Corp.*, 436 F.3d 981, 984 (8th Cir. 2006) (citation omitted) ("It is well settled in Missouri that a party cannot be compensated for the same injury twice."); *Norber v. Marcotte*, 134 S.W.3d 651, 661 (Mo. App. 2004) (citations omitted) ("While a single transaction may invade more than one right, a plaintiff may not be made more than whole or receive more than one full recovery for the same harm."). Because the two previous claims arise out of the same conduct, allege identical facts, and ask for identical relief as the case here, the claims against Defendants Greyhound, ATU, and Hamilton will be dismissed as duplicative.[4]

## CONCLUSION

---

[4] Defendants ATU and Hamilton did not join in the instant Motion to Dismiss, because as noted above they have yet to be properly served with process. The Court nevertheless will dismiss Plaintiff's claims against them *sua sponte* under the above reasoning, as Plaintiff has been afforded notice and an opportunity to respond to the Greyhound Defendants' claims, and it is in the interest of justice and fairness to the parties to dismiss. *See Church of Jesus Christ Christian/Aryan Nations of Missouri v. Obama*, 2011 WL 4916569, at *1 n. 1 (W.D. Mo. Oct. 17, 2011).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Greyhound Lines, Inc., Joseph Kaylor, and Barbara Boyd's Motion to Dismiss (ECF No. 7) is **GRANTED**, and Plaintiff's Complaint is **DISMISSED**.  An appropriate Order of Dismissal shall accompany this Memorandum and Order.


Dated this 11th day of June, 2013.

    /s/Jean C. Hamilton

UNITED STATES DISTRICT JUDGE